UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| SHANTRELL JONES | * | CIVIL ACTION |
| --- | --- | --- |
| | * | |
| VERSUS | * | NO. 11-2039 |
| | * | |
| ROBERTO REAL CHAVEZ, ET AL. | * | SECTION "L"(3) |

## ORDER & REASONS

Before the Court is a Motion to Remand (Rec. Doc. No. 5) filed by Plaintiff. The Court has reviewed the submitted memoranda and the applicable law. For the following reasons, the motion is **DENIED**.

## I. BACKGROUND AND PRESENT MOTION

This case arises out of a car accident that took place between Plaintiff and Defendant Roberto Real Chavez. Plaintiff filed a Petition for Damages against Defendants on June 17, 2010, in the Civil District Court for the Parish of Orleans. Defendants Chavez and Gramercy Insurance Company removed to this Court on August 17, 2011, asserting diversity jurisdiction.

Plaintiff has now filed a Motion to Remand (Rec. Doc. No. 5). In her motion, Plaintiff argues that under 28 U.S.C. § 1447(b), this case is properly remanded to state court because Defendants removed more than one year after the suit was filed. Plaintiff argues that Defendants knew, or could have known had they done sufficient discovery, that the amount-in-controversy exceeded $75,000 well before the one-year deadline passed. According to Plaintiff, Defendants chose not to inquire further about Plaintiff's scheduled MRI and therefore should not be permitted to invoke diversity jurisdiction as a result of their misfeasance.

Defendants have filed an opposition to the motion. Defendants contend that the

1

equitable estoppel exception to the one-year deadline applies in this case, and therefore the suit should not be remanded to state court. In support of this argument, Defendants cite *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 425-26 (5th Cir. 2003), in which the Fifth Circuit recognized the equitable estoppel exception and explained that the rule was crafted to prevent a plaintiff from "engaging in gamesmanship" in order to prevent a defendant's right to choose a federal forum. Defendants argue that the Plaintiff purposely waited to reveal the amount-in-controversy exceeded $75,000 until after the one-year remand deadline. Defendants assert that they obtained records from the medical providers listed in the Plaintiff's interrogatories in December of 2011. In January of 2011, Plaintiff had an MRI conduct that revealed the Plaintiff had numerous budging discs. Defendants were not made aware of the results or medical provider of the MRI until the Plaintiff sent a demand letter to the Defendants on July 21, 2011, about one month after the removal time period expired. Defendants assert that the demand letter was the first time they discovered the amount of damages sought was over $75,000.

Plaintiff counters that the Defendants had sufficient information to make a determination that the Plaintiff's damages likely exceeded $75,000. Plaintiff asserts that interrogatories revealed that Plaintiff was temporarily disabled and undergoing treatment in December of 2010. Plaintiff also counters that Defendants failed to request the Plaintiff's medical records or further inquire about medical costs after it became aware the Plaintiff ordered the MRI.

## II. LAW AND ANALYSIS

### A. Standard of Review

Federal diversity jurisdiction exists when there is complete diversity of the parties to the action, no defendant is a citizen of the forum state and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. In the instant case, it is undisputed that the threshold for federal jurisdiction has been met. Therefore, the only issue before this court is whether or not Defendant's Notice of Removal was timely under 28 U.S.C. § 1446.

28 U.S.C. § 1446(b) provides a two-step test for determining whether a defendant timely removed a case. The first paragraph provides that if the case stated by the initial pleading is removable, then notice of removal must be filed within 30 days from the receipt of the initial pleading by the defendant. 28 U.S.C. § 1446(b). The second paragraph provides that, if the case stated by the initial pleading is not removable, then notice of removal must be filed within 30 days from the receipt of an amended pleading, motion, order or other paper from which it can first be ascertained that the case can be removed. *Id.* The removing party bears the burden of showing that federal jurisdiction exists. *Saunders v. Ryder*, 805 F. Supp 17, 18 (E.D. La.1992). Doubts concerning removal are to be construed against removal and in favor of remand to the state court. *Manguno v. Prudential Property and Casualty Insurance Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Under Louisiana law, a plaintiff is not required to plead with certainty a request for monetary damages. La. Code Civ. Pro. art. 893. Therefore, in this instance, federal jurisdiction can only be determined by an amended pleading alleging specific damages, a motion, an order from the court or an "other paper."

**B. Analysis**

Plaintiff argues that the Defendants failed to timely file its notice of removal

under Section 1446(b). "[W]hen faced with a motion to remand, it is the defendant's burden to establish the existence of federal jurisdiction over the controversy." *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 396 (5th Cir. 1998). Plaintiff contends that the Defendants failed to meet their burden by removing the case after the one-year removal deadline. Defendants counter that "Section 1446(b) is not inflexible, and the conduct of the parties may affect whether it is equitable to strictly apply the one-year limit." *Tedford v. Warner-Lambert*, 327 F. 3d 423, 426 (5th Cir. 2003). Defendants argue that their motion to remove was proper under the equitable tolling doctrine set forth by the Fifth Circuit in *Tedford*. *Id.* at 425-27. In *Tedford*, the Fifth Circuit held that an exception to the one-year limitation under Section 1446(b) may be granted when "forum manipulation justifies application of an equitable exception in the form of estoppel." *Id.* at 427. In determining the applicability of equitable tolling, the Court must assess the conduct of the parties and determine whether there are "clear instances of forum manipulation and all the defendants rapidly removed the cases." *In re Vioxx Products Liability Litigation*, 2005 WL 3542885, *4 (E.D.La. Nov. 22, 2005). "The Court must balance the exception articulated in *Tedford* with the general rule that removal jurisdiction is to be strictly construed as its application 'deprives a state court of a case properly before it and thereby implicates important federalism concerns.'" *Foster v. Landon*, 2004 WL 2496216, *2 (E.D.La. Nov. 4, 2004) (quoting *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997). Defendants argue that the instant case is similar to the Fifth Circuit's decision in *Brower v. Stanley*, Inc. 306 Fed. Appx. 36, 38, (5th Cir. 2008). In *Brower*, the Fifth Circuit concluding that the plaintiff's attorney intentionally failed to inform the defendant of the plaintiff's additional medical expenses that would bring the plaintiff's claim in excess of $75,000. *Id.* Since the

defendant was unaware of these additional expenses until after the one-year removal period deadline, the Fifth Circuit applied the doctrine of equitable estoppel, denied the plaintiff's motion to remand. *Id.* Similarly, in *Styron v. State Farm Fire & Cas. Co.*, the district court concluded that the plaintiff attempted to "hide-the-ball" with the amount-in-controversy by providing the defendant estimates less than $10,000 and ignoring the plaintiff's request for admission of the amount of damages sought until after the one-year deadline. 2011 WL 1637324, *2 (W.D.La. April 29, 2011).

In the instant case, the Plaintiff engaged in forum manipulation by not revealing the results of the January 2011 MRI until the demand letter was sent, less than one month after the expiration of the removal period. The medical records provided to the Defendant only partially revealed the scope of the Plaintiff's alleged injury; thereby denying the Defendant necessary information regarding the amount-in-controversy that was needed to remove the case. *See Brower*, 306 Fed. Appx. at 38. It was reasonable that the Defendant would conclude that the jurisdictional amount was lacking. Defendants timely filed a Notice of Removal within 30 days of the first receipt of information indicating the amount-in-controversy was over $75,000. *See In re Vioxx*, 2005 WL 3542885, at *4.

Plaintiff counters that the Defendants had sufficient information to determine that the amount-in-controversy was satisfied. The equitable tolling doctrine does not apply when there is no evidence that the plaintiff knew damages were above the amount-in-controversy. *Space Maker Designs, Inc. v. Steel King Industries, Inc.*, 2010 WL 2680098,*2 (N.D.Tex. July 6, 2010). This Court also recognized in *Ho v. Colony Ins. Co.* that sending a demand letter after the one-year removal period elapsed indicating the amount in controversy is above $75,000 may

5

raise suspicions but it does not necessarily "rise[] to the transparent attempt to circumvent federal jurisdiction presented in *Tedford*." *Ho v. Colony Ins. Co.*, 2010 WL 4068955, *1 (E.D.La. Oct. 14, 2010) (quoting *Foster v. Landon*, 2004 WL 2496216, *2 (E.D.La. Nov. 4, 2004). In *Ho*, the Court held that a discrepancy in a plaintiff's motion to remand and subsequent settlement demand did not rise to the necessary level of "bad faith." *Id.* However, the time line of events distinguishes the present case from *Ho*. Despite receiving MRI results showing that the jurisdictional threshold had been met, Plaintiff did not provide the Defendants with this information until seven months after the test was taken, which was approximately a month after the one-year bar on removal had passed. Considering the lengthy amount of time between the tests and the end of the one-year limit, as well as the expeditious issuance of the demand letter after that limit had passed, the Court must conclude that Plaintiff's conduct amounted to a "transparent attempt to circumvent federal jurisdiction." *See id.* Accordingly, the Court finds the doctrine of equitable tolling should apply, and the suit should not be remanded to state court for further proceedings.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion to Remand (Rec. Doc. No. 5) is hereby **DENIED**.

New Orleans, Louisiana, this 30th day of January, 2012.

_____
UNITED STATES DISTRICT JUDGE